IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TEIXEIRA POWELL, as the Administratrix of the Estate of K.P., a deceased minor child, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:15-cv-393-WHA |
| FCA US LLC and MACON COUNTY, ALABAMA, | ) ) ) ) | (WO) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

This cause is before the court on Plaintiff Teixeira Powell's Motion to Remand (Doc. #10) and Memorandum in Support (Doc. # 12). Also before the court are Defendant FCA US LLC's ("FCA") Response in Opposition (Doc. # 13) and the Plaintiff's Reply thereto (Doc. # 15). Additionally, the court permitted FCA to file a Sur-Reply on the issue of unanimity (Doc. # 19).[1] FCA has also filed a Motion to Transfer Venue (Doc. # 3). The Defendant Macon County, Alabama ("Macon County") filed an Answer in state court, did not file a consent to removal, and has not opposed the Motion to Remand.

FCA removed this action to federal court pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), alleging the action arises under, arises in, or is related to a bankruptcy case under title 11. The Plaintiff contends that there is no valid jurisdiction because the action involves only state law claims and neither party is the debtor in the bankruptcy case associated with the claims. For the

---

[1] The court gave the Plaintiff the opportunity to respond to the Sur-Reply, but she did not do so.

reasons to be discussed, the Motion to Remand is due to be DENIED in part and GRANTED in part.

## II. Motion to Remand Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Because this case was originally filed in state court and removed to federal court, FCA bears the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

## III. Facts and Procedural Background

This action arises out of a car accident that occurred on April 15, 2014. The Plaintiff was driving a 2005 Dodge Durango eastbound on County Road 26 in Macon County, Alabama. Her child K.P. was a passenger in the car. While completing a pass, the Plaintiff lost control of the car, went off the road, and struck a utility pole. K.P. was killed in the accident.

On April 30, 2015, the Plaintiff filed a wrongful death action against Macon County and FCA (as the successor of Chrysler LLC) in the Circuit Court of Macon County, Alabama. The complaint alleged that Macon County had been negligent in maintaining the roadway and that the vehicle involved in the crash was defective and/or negligently manufactured by Chrysler LLC.

After Chrysler LLC filed for bankruptcy in April 2009, FCA purchased substantially all of its assets under a Master Transaction Agreement ("Sale Agreement") dated May 31, 2009, which included an exclusion of "all Product Liability Claims arising from the sale of Products or Inventory prior to closing. The United States Bankruptcy Court for the Southern District of New York entered an order ("Sale Order") on June 1, 2009, approving the sale under the terms of the Sale Agreement. That order permanently enjoined all litigation claimants from asserting any claims against FCA unless expressly assumed in the Sale Agreement and retained jurisdiction to interpret, enforce and implement the terms and provisions of the Sale Order, the Sale Agreement and all amendments thereto. Later, in an amendment to the sale agreement approved by order of the Bankruptcy Court, FCA agreed to assume liability for some product liability claims, but excluding claims "for exemplary or punitive damages." (Doc. # 1-6 at 8.)[2]

FCA's position is that the Sale Agreement and the Bankruptcy Court's Sale Order approving the amendment bar the claims in this case because they include claims for punitive damages. Furthermore, FCA has removed the case to this court on the basis that it is sufficiently connected to the bankruptcy case to create federal jurisdiction under 28 U.S.C. § 1334(b) and removal is permitted under 28 U.S.C. § 1452. The Plaintiff contests both points—she disagrees that her claims are barred by the Sale Order or sale agreement, and asserts that there is no federal jurisdiction under 28 U.S.C. § 1334(b). FCA removed the case to this court on June 3, 2015. FCA alleges that it was served on May 4, 2015 and therefore timely filed its Notice of Removal. The Plaintiff has not contested the timeliness of removal. Instead, her Motion to Remand, filed on July 3, 2015, contends that removal is not proper under § 1452 because her claims do not satisfy the requirements for federal jurisdiction under § 1334(b).

---

[2] When the court uses the term "Sale Order" hereafter, it is also meant to include reference to the original Sale Agreement and the amendment.

## IV. Discussion

Under 28 U.S.C. § 1334(b), the federal district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Under 28 U.S.C. § 1452, a party may remove a case to the district court for the district where the action is pending if proper jurisdiction exists under § 1334. If a case is commenced in state court, is based on state law claims or causes of action, and is "related to" but not "arising under" or "arising in" a bankruptcy case, a district court "shall abstain" from hearing the case. 28 U.S.C. § 1334(c)(2). Thus, if this case arises under or arises in a bankruptcy case, then the Motion to Remand may be denied; otherwise it is due to be granted.

According to the Plaintiff, her state law claims do not fit any of the categories listed in § 1334(b). She also argues that even if the court decides otherwise, "abstention is either mandatory or appropriate." (Doc. # 12 at 1.) Citing an opinion of this court, the Plaintiff asserts that in order to "arise in" or "arise under" title 11, an action must constitute a "core proceeding." *See In re Robertson*, 140 F. Supp. 2d 1274, 1278–79 (M.D. Ala. 2001) (Albritton, J.). FCA contends that this action is a core proceeding, making jurisdiction proper under §1334(b) and mandatory abstention under § 1334(c)(2) inapplicable.

In support of her position, the Plaintiff argues that this action is not a core proceeding because it does not affect the debtor's (that is, Chrysler LLC's) property in any way, as any proceeds would be paid by FCA to the decedent's estate. The Plaintiff cites *In re Lemco Gypsum*, 910 F.2d 784 (11th Cir. 1990), for the proposition that the bankruptcy court does not retain jurisdiction and power to control the disposition of the debtor's property after the sale of the property if "there is no suggestion that the proceeds, if recovered, would be turned over to the trustee." (Doc. # 12 at 6 (citing *In re Lemco Gypsum*, 910 F.2d at 786, 789).) In the Plaintiff's

4

view, this is not a core proceeding because the result will not affect the present rights or property of the debtor, Chrysler LLC.

In response, FCA has cited a multitude of district court decisions dealing with similar facts that are also connected to the Chrysler bankruptcy. Faced with similar issues to those presented here, other district courts generally find that because cases like this one require interpretation and enforcement of a bankruptcy court Sale Order, they are core proceedings and remand is not appropriate. On this basis, and based on Eleventh Circuit law discussing federal jurisdiction over core proceedings, FCA argues that there is proper jurisdiction over this case and mandatory abstention is not applicable.

In the Eleventh Circuit, "arising under" cases are "matters invoking a substantive right created by the Bankruptcy Code." *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999). Cases "arising in a case under" title 11 are "generally thought to involve administrative-type matters . . . or . . . 'matters that could arise only in bankruptcy.'" *Id.* (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). While "whether something is a core proceeding is analytically separate from whether there is jurisdiction, by definition all core proceedings are within the bankruptcy court's jurisdiction." *Id.* at 1345 n.6. The Eleventh Circuit has noted that "[c]ore proceedings are defined in 28 U.S.C. § 157(b)(1) as 'proceedings arising under title 11, or arising in a case under title 11,' which is a subset of the cases over which jurisdiction is granted in § 1334(b)." *Id.* This is the same subset of cases to which mandatory abstention under § 1334(c)(2) does *not* apply.

Many district courts faced with facts similar to those present in the instant case have held that the cases before them constituted core proceedings. In one case involving a breach of warranty claim, a Northern District of Georgia decision noted that the plaintiffs' claim against

5

Chrysler Group[3] was viable "only if Chrysler Group assumed liability for such claim under the Sale Order and [sale agreement]." *Martin v. Chrysler Group, LLC*, No. 6:12-cv-00060, 2013 WL 5308245, at *4 (N.D. Ga. Sept. 20, 2013). Based on that conclusion, the court held that the plaintiffs' claims "would not exist 'but for' the Sale Order . . . and thus, the instant matter 'arises in' the bankruptcy case and jurisdiction is proper under 28 U.S.C. § 1334(b)." *Id.* Similarly, the Northern District of Georgia also held that the scope of a sale order was a "threshold issue" that had to be resolved in federal court in a lawsuit based on state law claims related to a fatal car accident. *See Monk v. Daimler AG*, No. 1:09-CV-2511-RWS, 2009 WL 4730314, at *4–*5 (N.D. Ga. Dec. 3, 2009) (finding that "[i]ssues raised in the present action require[d] interpretation and application of [a sale order]" and that "these threshold issues need to be resolved by the Bankruptcy Court.").

The District Court for the Eastern District of Kentucky also encountered a similar case stemming from the Chrysler bankruptcy. The plaintiffs "suffered severe burns when the radiator cap of their 2005 Chrysler Jeep Wrangler Sport unexpectedly malfunctioned," and they filed a products liability claim. *Quesenberry v. Chrysler Group LLC*, No. 12-48-ART, 2012 WL 3109431, at *1 (E.D. Ky. July 31, 2012). The court found that the case was a core proceeding because it involved "the interpretation and enforcement of the Bankruptcy Court's Sale Order and Purchase Agreement." *Id.* at *4. In reaching that conclusion the court cited decisions of the Second and Third Circuits. *Id.* (citing *In re Millenium Seacarriers, Inc.*, 458 F.3d 92, 95 (2d Cir. 2006) and *In re Allegheny Health Educ. & Research Found.*, 383 F.3d 169, 176 (3d Cir. 2004)). The Second Circuit found that an action that "turned on the terms of [a sale order] amount[ed] to a request that the bankruptcy court enforce that order," and the action was therefore a core

---

[3] Chrysler Group LLC is an entity that purchased the assets of Chrysler LLC, the entity that went bankrupt. *See Quesenberry v. Chrysler Group LLC*, No. 12-48-ART, 2012 WL 3109431, at *1 (E.D. Ky. July 31, 2012).

6

proceeding.  *In re Millenium Seacarriers, Inc.*, 458 F.3d at 95.  Similarly, the Third Circuit held that a bankruptcy court "correctly determined that [a] suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders."  *In re Allegheny Health Educ. & Research Found.*, 383 F.3d at 176.

      The decisions cited above all concluded that where a proceeding requires the interpretation and potential enforcement of a sale order, that proceeding constitutes a core proceeding.  Here, FCA's position on the underlying subject matter of the case is that the Plaintiff's claims are barred by the Sale Order.  FCA is asking the court to interpret and enforce the Sale Order accordingly.  In addition, FCA is only a defendant in this case because it purchased assets from Chrysler LLC, and it would not be subject to liability based on a car manufactured and sold before the purchase unless such liability was assumed in the purchase.  For these reasons, the court finds the cases cited above persuasive.  At a minimum, whether the Sale Order should be enforced is a threshold issue in this case.  Before any court considers the merits of the case, it will first have to interpret the scope of the Sale Order as applied to the Plaintiff's claims.  Therefore, the court finds that the case "arises in" a bankruptcy case and that it is a core proceeding.  There is proper jurisdiction under § 1334(b), removal was proper under § 1452, and mandatory abstention under § 1334(c)(2) is not applicable.

      The Plaintiff's arguments to the contrary are unavailing.  She attempts to distinguish the myriad cases cited by FCA by arguing that they "concerned claims relating to breach of warranty and fraud," and that "in the instant case any dispute regarding whether Plaintiff's wrongful death claims constitute an 'assumed liability' of Defendant FCA US is not subject to interpretation of the Sale Order but rather depends upon the true nature of Alabama wrongful death damages."  (Doc. # 15 at 2.)  This argument does not recognize that the Sale Order is unavoidably implicated

in this case because FCA contends it should operate to bar the Plaintiff's claims, so a court will have to determine first whether the claims fall within the scope of assumed liabilities covered by the Sale Order.  Furthermore, some of the other district court decisions connected to the Chrysler bankruptcy did involve accidents leading to personal injuries or death,[4] and the cases involving breach of warranty and fraud nonetheless implicated sale orders in the same manner, by requiring a court to determine whether those claims were barred by the sale orders or not.

Cases cited by the Plaintiff to support her position are distinguishable.  The Plaintiff argues that this court "has no jurisdiction" to consider the interpretation of the Sale Order under *In re Lemco Gypsum* and *Rivet v. Regions Bank*, 522 U.S. 470 (1998).  (Doc. # 15 at 3.)   In *In re Lemco Gypsum*, the court's holding that there was no jurisdiction under § 1334 was premised on the conclusion that the dispute at hand concerned property that had been the debtor's in the past, and "its connections with the estate of debtor Lemco [were] simply too tenuous for jurisdiction to lie."  910 F.2d at 789.  The court also noted that "the presence of a federal right or decision in the chain of title is insufficient to confer jurisdiction on a federal court," and that "only when federal law supplies the rule of decision, or an interpretation of a federal right is an essential ingredient of a claim, does the dispute present a federal question."  *Id.*  In the instant case, the correct interpretation of the Sale Order, which was entered pursuant to federal law, will supply a key rule of decision.  In this case, the role of a federal right or decision goes beyond simply being present in the chain of title, as in *In re Lemco Gypsum*.

The *Rivet* decision lies even further afield.  There, as is clear from the language quoted by the Plaintiff in her Reply, removal was based on § 1441(b).  The defendant asserted federal question jurisdiction due to claim preclusion flowing from a previous bankruptcy order.  The

---

[4] *See, e.g.*, *Quesenberry*, 2012 WL 3109431, at *1 (plaintiffs experienced "severe burns" as the result of an alleged radiator cap malfunction in a 2005 Chrysler Jeep Wrangler); *Monk*, 2009 WL 4730314, at *4 (plaintiff's decedent was killed due to the allegedly defective design of a 2005 Dodge Dakota).

United States Supreme Court ruled that there was no jurisdiction under § 1441 because claim preclusion is an affirmative defense that did not appear in the state court complaint. Because *Rivet* discussed removal under § 1441(b), not § 1452, that decision is plainly inapposite here.

The court will briefly discuss two other arguments advanced by the Plaintiff: 1) that the court should use its discretion to abstain; and 2) that the rule of unanimity has been violated.

First, the Plaintiff has argued that the court should abstain pursuant to § 1334(c)(1), which provides: "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Courts have developed a list of factors to be considered in determining whether discretionary abstention is appropriate. These factors are:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Ret. Sys. of Ala. v. Merrill Lynch*, 209 F. Supp. 2d 1257, 1267–68 (M.D. Ala. 2002). The court finds that these factors weigh against discretionary abstention. Allowing removal under §1334 increases the likelihood of efficient administration of the bankruptcy estate, because the bankruptcy court is in the best position to interpret its own order. The interpretation of the Sale Order is, as discussed above, a threshold issue in this case, meaning that determination of a

9

bankruptcy issue is antecedent to the determination of any state law issues.  These factors outweigh any other considerations that might be in favor of abstention and remand.  This includes Plaintiff's contention that whether recovery in an Alabama wrongful death action is actually exemplary or punitive should be determined by an Alabama court.  That they are, although this is unique to Alabama, has been clearly established for many, many years.  *See, e.g.*, *APJI  Second Edition Cumulative Supplement § 11.28* and citations therein.  And, interpretation of the Sale Order will not be a jury issue.  Therefore, the court declines to abstain on a discretionary basis under § 1334(c)(1).

The Plaintiff also argues, for the first time in her Reply, that removal is not proper because, since Defendant Macon County did not join in the removal, it is in violation of the unanimity rule, which requires consent of all Defendants before an action is removed.  28 U.S.C. § 1446(b)(2)(A).  The court finds that the Plaintiff's delay in raising this issue constitutes waiver. In cases removed pursuant to § 1446, a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  The Eleventh Circuit has noted that "[t]he failure to join all defendants in the petition [for removal] is a defect in the removal procedure."  *Hernandez v. Seminole Cnty., Fla.*, 334 F.3d 1233, 1237 (11th Cir. 2003) (quoting *In re Bethesda Mem'l Hsop., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997)).  The Notice of Removal in this case was filed on June 3, 2015.  Neither the Plaintiff's Motion to Remand nor the supporting memorandum raise the issue of unanimity; instead, it was first raised in her Reply on August 3, 2015.  The Plaintiff plainly raised the issue of unanimity more than 30 days after the Notice of

Removal was filed. Since the unanimity rule is an issue of procedure, not subject matter jurisdiction, the issue has been waived.[5]

For the reasons discussed above, the court finds that proper jurisdiction lies under § 1334(b), and mandatory abstention is not applicable because the case "arises in" a case under title 11. Many other courts considering similar issues connected with the Chrysler bankruptcy have also concluded that cases such as the instant one constitute "core proceedings," making remand inappropriate. This court likewise finds that because interpretation of the Sale Order is a threshold issue in this case, that issue should be determined by the court which issued the order, and remand is not warranted. The Motion to Remand will be denied, and the Motion to Transfer granted, as to FCA. The status of Macon County, however, is a different matter.

There is no basis for transfer of that claim along with the claims against FCA. This court would be left with only possible supplemental jurisdiction over Macon County, which filed an Answer in state court, did not join in the removal and has not opposed the Motion to Remand. Therefore, the court does not find it appropriate to proceed further with those claims, finding that there are exceptional circumstances providing compelling reasons for declining supplemental jurisdiction. The court will grant the Motion to Remand as to Macon County under the provisions of 28 U.S.C. § 1367(c)(4).

### V. Conclusion

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Plaintiff's Motion to Remand (Doc. # 10) is DENIED as to FCA US LLC.

2. The Motion to Transfer (Doc. # 3) is GRANTED as to FCA US LLC, and the claims against it are SEVERED from the claims against Macon County and TRANSFERRED to the U.

---

[5] The court notes that because waiver has occurred in this case, it does not express any opinion on the issue of whether or to what extent the unanimity rule applies to removal under § 1452.

S. District Court for the Southern District of New York for referral to the United States Bankruptcy Court in that district. The clerk is DIRECTED to take appropriate steps to effect the transfer.

3. The Motion to Remand (Doc. # 10) is GRANTED as to Macon County, Alabama, and all claims against it are REMANDED to the Circuit Court of Macon County for further proceedings there. The clerk is DIRECTED to take appropriate steps to effect the remand.

4. Following transfer and remand, this case shall be CLOSED.

DONE this 21st day of August, 2015.

　　　　　　　　　　　　　　　　 /s/ W. Harold Albritton
　　　　　　　　　　　　　　　　W. HAROLD ALBRITTON
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE